Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
rfolsen@mswdlaw.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DON M. LINDQUIST,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE DEALER SERVICES, LLC<br><br>Defendant. | Cause No.: __CV-24-73-BU-KLD__<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Don Lindquist, through counsel and for his complaint against Endurance Dealer Services, states and alleges as follows:

**PARTIES**

1. Plaintiff Don Lindquist is a resident of Anaconda, Deer Lodge County, Montana.

2. Defendant Endurance Dealer Services, LLC, is a foreign limited liability company based in Northbrook, Illinois. It is registered with the Montana Secretary of State.

1

3. Endurance is in the business of offering vehicle service contracts and warranties to consumers throughout the United States, including in Montana.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this case involves a federal question under the Magnuson Moss Warranty Act. 15 U.S.C. § 2310(d).

5. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Butte Division pursuant to L.R. 3.2(b) and Mont. Code Ann. § 25-2-121(d).

## FACTS

7. On March 5, 2021, Lindquist purchased a service contract from Endurance for $3,762.00.

8. The service contract covered Lindquist's 2015 Subaru Forester, VIN JF2SJADC2FH571453 for 60 months or 100,000. At the time of purchase the Forester had 141,289 miles, so the contract would expire on April 5, 2026, or when the odometer hit 242,289 miles.

9. Pursuant to the agreement, Endurance would pay for any covered repairs less the $100 deductible.

10. Covered Repairs including repairs to most major engine and vehicle components.

11. On or about January 31, 2024, Lindquist was returning from a fishing trip on the Missouri River, driving south on Interstate 15 towards Helena, Montana. He was descending the North Hills, when his battery light came on.

12. About a minute later, the temperature light came on. In response, Lindquist slowed the vehicle and pulled over to the side of the road. Upon lifting the hood, Lindquist could not determine what exactly had happened but saw that the serpentine belt was shredded and melted onto the air conditioner.

13. He then called Endurance, and had the Subaru towed to Place Motors.

14. Upon arriving at Placer Motors, the Subaru was again inspected. The technician opened the overflow to the radiator smelled exhaust and realized the head gaskets were probably blown. Placer Motors was unable to repair the Subaru that day, and when Lindquist advised Placer Motors that he had Endurance, Placer Motors refused to work on the Subaru based on past experiences of not being paid by Endurance.

15. Lindquist then personally replaced the serpentine belt and drove the vehicle to the Subaru dealership in Butte, Montana.

16. There, the service department confirmed that the head gaskets were blown.

17. Lindquist then began attempting to work with Endurance to complete the necessary repairs. Endurance required Lindquist to provide proof that he had changed the oil as required under the agreement. Lindquist had done so, but

Endurance initially refused to accept Lindquist's proof that the oil had been changed, but ultimately agreed.

18. However, Endurance refused to pay for all of the repairs for the Subaru. They only paid to replace the air conditioner but refused to repair the rest of the engine including the head gaskets.

19. Based on all of the inspections, it was determined that the A/C pulley had seized up and caused the serpentine belt to break. This also caused the engine to overhead and blow the head gasket as well as warp the cylinder heads.

20. In other words, all of the damage to the engine was caused by the A/C pulley seizing up, and not simply overheating.

21. Nevertheless, Endurance refused to pay for the required repairs – even though they were covered under the service contract – because the damage was due to overheating.

22. As a result of Endurance's refusal to pay for covered repairs, Lindquist paid for the repairs himself. He spent approximately $4,500. Also because of the delays caused by Endurance, Lindquist was unable to use his car for approximately six weeks, and suffered loss of use damages.

## COUNT I – MONTANA CONSUMER PROTECTION ACT

23. The preceding paragraphs are realleged as though set forth in full hereunder.

24. Lindquist is a "consumer" under the Montana Consumer Protection Act (MCPA).

4

25. Endurance is engaged in a "trade or commerce".

26. Endurance engaged in unfair and/or deceptive acts or practices in violation of § 30-14-103, MCA.

27. Those unfair and/or deceptive acts or practices include, but are not limited to:

    a. Representing that the failure of the cylinder heads was due solely to overheating;

    b. Failing to honor the service contract.

28. As a result of Endurance's actions, Lindquist suffered an ascertainable loss of money or property. Namely, he had to pay for repairs himself that should have been covered under the service contract.

29. Lindquist was damaged by these violations of the MCPA.

30. Endurance is, therefore, liable for violating the MCPA, and Lindquist is entitled to recover his actual damages, including emotional distress, treble damages, and attorney fees.

## COUNT II – BREACH OF CONTRACT

31. The preceding paragraphs are realleged as though set forth in full hereunder.

32. Lindquist purchased a service contract from Endurance, that contract contained all the essential terms of the agreement.

33. Endurance breached the contract when it failed to pay for covered repairs.

34. Endurance's breach of the contract caused Lindquist to incur damages, including, but not limited to the costs to pay for the repairs not covered by endurance.

35. Endurance is, therefore, liable for its breach of the service contract.

## COUNT III – MAGNUSON MOSS WARRANTY ACT

36. The preceding paragraphs are realleged as though set forth in full hereunder.

37. Lindquist is a "consumer" under the MMWA.

38. Endurance is a "service contractor" under the MMWA.

39. As described above, Endurance failed to comply with the written service contract it entered into with Lindquist when it failed to pay for necessary covered repairs.

40. As a result of that failure, Lindquist was damaged.

41. Endurance is, therefore, liable under 15 U.S.C. § 2310(d) for Lindquist's damages, attorney fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Lindquist request that the court or jury award the following relief:

1. That he be awarded their actual or compensatory damages;

2. That he be awarded statutory damages under the MCPA;

3. That he be awarded his attorney fees pursuant to the MCPA and/or MMWA;

4. That he be awarded punitive damages; and

5. Such other and further relief as the court deems just and necessary.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P. 38, Lindquist hereby demands a trial by jury.

Dated this 30th day of July, 2024.

MORRISON SHERWOOD WILSON DEOLA, PLLP

By: _____
Robert Farris-Olsen
*Attorneys for Plaintiff*